# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**THOMAS A. CLAWSON**                                                                 **PLAINTIFF**

**v.**                                                               **CAUSE NO. 1:16CV240-LG-RHW**

**WAL-MART STORES, INC.**                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [20] Motion for Summary Judgment filed by the defendant, Wal-Mart Stores, Inc., in this premises liability case. The plaintiff has not responded. After due consideration of the defendant's submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury in this case. Accordingly, the summary judgment motion will be granted and this case dismissed.

### BACKGROUND

Thomas Clawson alleges that while he was shopping in the Wal-Mart store in Gulfport, Mississippi, he "suddenly and without warning slipped in a wet slippery area of a store passageway." (Compl. 2, ECF No. 1). He claims to have suffered serious physical and emotional injuries as a result. (*Id.*). Wal-Mart seeks summary judgment on the basis that Clawson has produced no evidence showing that it is liable for his injuries under Mississippi premises liability law.

### THE LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Clawson has not submitted any argument or evidence in opposition to Wal-Mart's Motion. Nevertheless, Wal-Mart has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

PREMISES LIABILITY

There is no question that Mississippi law classifies Clawson as a business invitee on the premises of Wal-Mart at the time of his alleged injury. *Little by Little v. Bell*, 719 So. 2d 757, 760 (Miss. 1998) ("An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage."). The duty owed by a premises owner to a business invitee is the duty "to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner knows of, or should know of, in the exercise of reasonable care." *Hartford v. Beau Rivage Resorts, Inc.*, 179 So. 3d 89, 91 (Miss. Ct. App. 2015) (citation omitted). However, "the owner/occupier is not an insurer of the

invitee's safety, and he is not liable for injuries which are not dangerous or which are, or should be known to the business invitee." *McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 107 (Miss. Ct. App. 2012) (citation omitted). Mere proof of an injury by a business invitee "is not the basis for premises liability, rather negligence of the business owner must be shown." *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007) (citation omitted). To succeed on a premises liability claim, the plaintiff must show: (1) a negligent act by the defendant caused the plaintiff's injury; or, (2) the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant. *Garson v. Circus Circus Miss., Inc.*, 135 So. 3d 932, 934 (Miss. Ct. App. 2014) (citations and quotation marks omitted).

Wal-Mart argues that Clawson cannot show evidence of any of the three liability alternatives above, attaching deposition testimony from Clawson and his fiancé in support. Specifically, Clawson testified that he slipped and fell in what he described as "little spots" of a clear liquid consistent with something leaking from a customer's cart. (Def. Mot. Ex. A 81-82, ECF No. 21-1). There were no footprints or tracks through the liquid. (*Id.* at 86). He did not know how the liquid came to be on the floor, how long it was there, or if any Wal-Mart employee knew it was there. (*Id.* at 86-87, 95).

Clawson's fiancé was shopping with him at the time of the incident. She

testified that Clawson had slipped in a little puddle of water with buggy tracks going through it. (Def. Ex. B 24, ECF No. 21-2). She did not know how long the liquid had been on the floor, where it had come from, if Wal-Mart was responsible for putting it there, or if Wal-Mart knew it was there. (*Id*. at 24, 27, 36-37).

The store manager on duty at the time of the incident provided an affidavit regarding store procedures. (Def. Mot. Ex. C, ECF No. 21-3). Associates were instructed to be on the lookout for spills and potential hazards. (*Id*. at 1). They were required to carry pocket towels for small spills, and cleaning stations were located throughout the store. (*Id*.). Spills were to be guarded until cleaned or corrected. (*Id*. at 2). Additionally, managers and maintenance personnel performed sweeps during the day to check for hazards. (*Id*.).

The evidence submitted in this case fails to substantiate Clawson's claim of premises liability. There is no indication that the liquid was on the floor because Wal-Mart committed some negligent act, that Wal-Mart had knowledge of the liquid on the floor, or that the liquid was on the floor long enough that Wal-Mart should have known it was there. The evidence shows only that Clawson was injured in the Wal-Mart store, which is not sufficient to establish premises liability under Mississippi law. Accordingly, Wal-Mart has shown there is no question of material fact for the jury. The Motion for Summary Judgment will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [20] Motion for Summary Judgment filed by Defendant Wal-Mart Stores, Inc. is **GRANTED**. Plaintiff's claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE